# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE DE LIVA PALACIOS,<br>BOP #03562298,<br><br>            Plaintiff,<br><br>vs.<br><br>UNKNOWN NATIONAL CITY POLICE<br>OFFICERS, et al.,<br><br>            Defendants. | Civil No.   07-2115 JAH (CAB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[Doc. No. 6]** |

On November 5, 2007, Rene De Liva Palacios ("Plaintiff"), an inmate currently incarcerated at the Federal Correctional Institution located in Edgefield, South Carolina and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP").

On November 6, 2007, this Court dismissed Plaintiff's civil action as frivolous because it was duplicative of a civil rights case Plaintiff had filed previously. *See* Nov. 6, 2007 Order at 2-3. The Court denied Plaintiff's Motion to Proceed IFP as moot. *Id.* at 3.

Plaintiff now seeks reconsideration of the Court's Order because he claims the previous case he filed was a petition for writ of habeas corpus and not duplicative of the instant case. *See* Pl.'s Mot. at 1.

**I.    Plaintiff's Motion for Reconsideration**

**A.    Standard of Review**

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[1] However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b).[2] *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Id.* at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

////

////

////

---

[1] However, Local Rule 7.1(i) does permit motions for reconsideration. Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D. CAL. CIVLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2), however, only permits motions for re consideration within "30 days of the entry of the ruling."

[2] Rule 59(e) motions must be filed "no later than 10 days after the entry of the judgment." FED.R.CIV.P. 59(e). Under Rule 60(b), however, a motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." FED.R.CIV.P. 60(b). Reconsideration may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifies relief. FED.R.CIV. P. 60(b).

### B.  Discussion

In the Court's previous Order, it was determined that Plaintiff had filed a previous § 1983 Complaint that contained the identical claims and defendants that were found in the instant action. *See* Nov. 6, 2007 Order at 2. A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

In Plaintiff's Motion for Reconsideration, he claims that he had "incorrectly filed a 2241 [in the matter of S.D. Cal. Civil Case No. 07cv1109 LAB (NLS)]" and this was the "incorrect vehicle" to bring an action against the named Defendants. *See* Pl.'s Mot. at 1. However, the Court has already taken judicial notice of the complaint filed by Plaintiff in S.D. Cal. Civil Case No. 07cv1109 LAB (NLS) and Plaintiff filed this complaint using a form § 1983 complaint. In addition, Plaintiff handwrote that the action in 07cv1109 was brought under the "Civil Rights Act of 1871." *See* S.D. Cal. Civil Case No. 07cv1109 LAB (NLS), Compl. at 1. The two actions are virtually identical which forms the basis for the Court's dismissal of the second action as duplicative.

In short, Plaintiff has provided no newly discovered evidence, has failed to show clear error or that the Court rendered a manifestly unjust decision, and has further failed to identify any intervening changes in controlling law that would demand reconsideration of the Court's Order. *School Dist. No. 1J*, 5 F.3d at 1263.

### II.  Conclusion and Order

Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. No. 6]. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

DATED: January 7, 2008

**HON. JOHN A. HOUSTON**
United States District Judge